HENRY BRUNS, APPELLANT, *v.* THE STEWART MANU-
FACTURING COMPANY, RESPONDENT.

*Receiver in supplementary proceedings — power of the court to remove him — he must
have notice of the charges against him and an opportunity to be heard.*

A motion to vacate an order of the Supreme Court appointing a receiver of a
judgment debtor was 'made by one Marrin, who claimed to have been previously
appointed receiver by the Court of Common Pleas. This motion was denied,
with leave to the defendant, or any party in interest, to move to remove said
receiver and appoint a new one, if objection was made to him, within twenty-
four hours after the service of the order. The order then proceeded as follows:
"And objection being now made it is ordered that James J. Nealis, Esq., be
and he hereby is substituted as receiver of the defendant in the place of
Adolph E. Dick " (the former receiver).

*Held*, that the motion to vacate the order having been denied the court could not,
upon objections made by other persons, remove the receiver for different and
other reasons without first giving to the receiver notice of the charges against
him, and an opportunity to be heard.

APPEAL from an order of the Special Term made May 7, 1883,
removing the appellant, Adolph E. Dick, as receiver, in the above
entitled action, and substituting another receiver.

*W. L. Snyder*, for the appellant.

*E. H. Hobbs*, for the respondent.

DAVIS, P. J.:

At a Special Term of this court held on the 28th of April, 1883,
on a motion made on behalf of the plaintiff in the above entitled
action, as judgment creditor of the defendant, for the appointment
of a receiver of the property of the defendant, and after hearing
counsel for the plaintiff, one of the trustees of the defendant appear-
ing and not opposing, Adolph E. Dick, the present appellant, was
appointed receiver of the defendant, the Stewart Manufacturing
Company, in the usual form and with the usual directions. The
receiver thereafter qualified by filing his bond duly approved, and
entered upon the duties of his office. On the 7th of May, 1883, a
motion was made upon an order to show cause before the same
Special Term on short notice by one Joseph J. Marrin, to vacate
the order appointing Dick as receiver. This motion was based

wholly on the allegations of Marrin, the moving party, that he had been previously appointed receiver of the corporation by the Court of Common Pleas, and had entered upon the duties of his receivership, and was still discharging the same.

Upon the hearing of that motion, the court entered the following order: "It is ordered, that the said motion be denied and the stay therein vacated, with leave to the defendant, or any party in interest, to move to remove said receiver and appoint a new one, if objection is made to the present receiver within twenty-four hours after the service of this order on Edward H. Hobbs, Esq., and objection being now made, it is ordered that James J. Nealis, Esq., be and he hereby is substituted as receiver of the defendant in the place and stead of Adolph E. Dick."

The motion made by Marrin to vacate the order entered in the action appointing Dick receiver, was based altogether upon allegations that he had himself been previously appointed receiver by the Court of Common Pleas, and had entered upon the duties of the office, and was then discharging the same. When the court denied that motion, as we must assume upon sufficient · facts appearing before it, the order of denial disposed of the motion. The order recites the appearance of Marrin in his own behalf, and Mr. Dupignac, on behalf of the plaintiff, but no appearance on the part of the receiver. What subsequently took place, resulting in the removal of Dick as receiver, and the appointment of another person, was an entire departure from the purpose of the motion. What objection was made to the receiver, and by whom, does not appear. It certainly was an extraordinary departure from established rules of practice that, upon some objection made upon the spot by some party not named, with no notice whatever to the receiver, and no opportunity to meet and explain the objection, whatever it may have been, and in a motion having no such object in view, a receiver duly appointed by the court, and who had qualified and entered upon his duties, should be thus unceremoniously removed and another appointed in his place.

The rule that should operate in such cases is laid down by High, on Receivers (§ 824), in these words: "And since the appointment itself is a matter resting largely in the sound discretion of the court to which the application is addressed, if the court at a subsequent

stage of the case becomes satisfied that the order of appointment is improperly made, it has undoubtedly power to vacate such order, and thus in effect to remove the receiver. But before the court can entertain a motion for the removal of a receiver, due notice must be given of the motion in writing, which notice should set forth specifically the grounds upon which the removal is sought." And in the case of *Campbell* v. *Spratt*, where it appeared from the papers that sufficient ground existed for the removal upon proper application, this court, Mr. Justice BRADY writing the opinion, held that the removal of the receiver was not attained by the due and orderly method provided for that purpose; that he could not properly be removed and another appointed in his place, without proper notice of the application for removal and opportunity to be heard in opposition; and that a removal without such notice was unprecedented. The order appealed from was therefore reversed, all the judges concurring. The only report of the case may be found in 5 N. Y. Weekly Digest, 25.

In this case the motion was made on behalf of Marrin only to vacate the order appointing the appellant receiver on the sole ground that a receiver was already existing, appointed by a competent tribunal. But that motion was denied, which disposed of every question then before the court. Before taking the action that was afterwards taken, of removing receiver Dick and appointing another upon grounds entirely foreign to those on which the motion was based, nothing seems to us clearer than that some notice should have been given to the receiver, and some opportunity for him to be, heard in respect to the objections or allegations against him.

We see no grounds upon which the order appealed from can be upheld, and it must be reversed with ten dollars costs and disbursements.

DANIELS, J , concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs and disbursements.